UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMANDA WASHBURN,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>PORSCHE CARS NORTH AMERICA, INC., a Delaware corporation,<br><br>　　　　　　　Defendant. | CASE NO. 2:22-cv-01233-TL<br><br>ORDER |

This matter is before the Court on Defendant Porsche Cars North America, Inc.'s Motion to Dismiss and Motion for a More Definite Statement (Dkt. No. 11).

In its motion, Defendant argues that Plaintiff Amanda Washburn "does not supply enough information about her claims in this diversity action to enable the reader to assess what law governs her claims or what is the appropriate venue for her claims." Dkt. No. 11 at 20 n.7; *see also* Dkt. No. 17 at 9 n.3 ("[Defendant] and this Court are left to assume Washington law will apply to [Plaintiff's] common-law claims."). Defendant improperly raises these substantive arguments in two footnotes, contrary to the Court's standing order in effect at the time the

ORDER - 1

motion was filed. *See* Judge Tana Lin, Standing Order for All Civil Cases (updated April 26, 2022) (on file with the Court), § II.A ("Substantive information and discussion must appear in the body of the brief; footnotes are to be reserved for explanatory and supplemental information."). In her opposition, Plaintiff does not respond to this argument, perhaps because the issue was buried in a footnote on page 20 of Defendant's motion. *See* Dkt. No. 16.

While the Parties seem to assume Washington state law applies in their briefing (*see generally* Dkt. Nos. 11, 16, 17), the Court is unwilling to do so, and it risks wasting judicial resources should that assumption be incorrect. In this instance only, the Court will treat Defendant's argument as a component of its Motion for a More Definite Statement. Future arguments presented in a footnote will be disregarded and possibly deemed waived.

Accordingly, as this issue is readily addressed with an amended pleading, and to assist in the efficient adjudication of Plaintiff's claims, it is hereby ORDERED:

(1) Defendant's Motion to Dismiss and Motion for a More Definite Statement (Dkt. No. 11) is GRANTED IN PART and DENIED IN PART. The Motion is GRANTED with respect to the insufficiency of the Complaint in establishing facts sufficient to demonstrate what state law should apply to Plaintiff's claims. The remainder of the Motion is DENIED as premature, given the ambiguity surrounding what state law should be applied to the arguments.

(2) Plaintiff is DIRECTED to file an Amended Complaint **within fourteen (14) days** of this Order.

(3) With regard to any renewed motion to dismiss:

   a. Should the Amended Complaint establish that Washington state law applies to Plaintiff's common-law claims, Defendants may re-file the same Motion to Dismiss (Dkt. No. 11) without any changes **within five (5) days**

of the filing of the Amended Complaint. If there are no changes to the Motion to Dismiss, the motion may be noted for the first Friday after filing, in which case Plaintiff shall file the same response brief (Dkt. No. 16) by the Wednesday before the noting date, and Defendant shall file the same reply brief (Dkt. No. 17) by the Friday noting date.

    b.    If Defendants choose to make any changes to the Motion to Dismiss, then the new motion shall be filed and noted in the normal course according to the applicable federal and local rules.

Dated this 12th day of September 2023.

Tana Lin
United States District Judge

ORDER - 3