The Honorable Tana Lin

1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

AMANDA WASHBURN,

No. 2:22-cv-01233-TL

11

**PLAINTIFF'S UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL**

12

Plaintiff,

13

v.

Noting Date: April 24, 2024

14
15

PORSCHE CARS NORTH AMERICA, INC.,

16

a Delaware corporation,

17

Defendant.

18
19
20
21
22
23
24
25
26

MOTION FOR PRELIMINARY APPROVAL
OF SETTLEMENT AGREEMENT
Case No. 2:22-cv-01233-TL

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Plaintiff Amanda Washburn ("Plaintiff") submits this Unopposed Motion for Preliminary Approval of Class Action Settlement. Plaintiff and Defendant Porsche Cars North America, Inc. ("PCNA" and together with Plaintiff, the "Parties"), have reached a proposed settlement in the above-captioned case, which the Parties have reduced to a writing (hereinafter referred to as the "Settlement" or "Settlement Agreement").[1] Pursuant to the terms of the Settlement Agreement, Plaintiff submits this Motion for Preliminary Approval of Settlement Agreement (the "Motion") seeking an Order: (1) preliminarily approving the Settlement Agreement; (2) preliminarily certifying the Settlement Class; (3) appointing Plaintiff's Counsel as Class Counsel and Plaintiff as Class Representative; (4) approving the form and content of the Notices[2]; (5) finding that the proposed procedures for disseminating the Notices constitute the best notice practicable under the circumstances, provide proper due process, and comply with Federal Rule of Civil Procedure 23; and (6) setting a date and time for the final approval hearing, at which the Court will consider final approval of the Settlement Agreement, class certification, and Class Counsel's application for attorneys' fees and expenses and the Class Representative's application for a service award.

Plaintiff and counsel strongly endorse the Settlement as an excellent result that is in the best interests of the Settlement Class, particularly given the substantial risks and delay associated with continued litigation, and thus respectfully submit that the Court should grant preliminary approval and direct that notice be sent to the Settlement Class.

## INTRODUCTION

Plaintiff alleges that 2015-2023 model year Porsche Cayenne and Macan vehicles, and 2014-2023 model year Panamera vehicles, equipped with a Sunroof and imported by PCNA for sale or lease by authorized Porsche-brand dealers in the United States are potentially prone to

---

[1]    Unless otherwise indicated, all capitalized terms used herein have the same meaning as those used in the Settlement Agreement. *See* Dennett Decl., Ex. A.

[2]    The Notices are attached as Exhibits 2 and 4 to the Settlement Agreement, which is attached as Exhibit A to the Dennett Declaration.

MOTION FOR PRELIMINARY APPROVAL
OF SETTLEMENT AGREEMENT - 1
Case No. 2:22-cv-01233-TL

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

leakage and water ingress into the vehicles' interiors from the Sunroof (the "Settlement Class Vehicles"). There are approximately 345,000 Settlement Class Vehicles.

PNCA denies the allegations and contentions against it in this litigation and denies all wrongdoing or liability. Nevertheless, PNCA agrees that continuing to litigate would be time consuming, burdensome and expensive and that it is therefore desirable to fully and finally settle this litigation in the manner and upon the terms set forth in the Settlement Agreement.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 1, 2022, Plaintiff filed a Class Action Complaint against PCNA individually and on behalf of all others similarly situated (the "Complaint"). *See* ECF No. 1. In the Complaint, Plaintiff alleged that defects in the subject vehicles' Sunroofs cause leaks resulting in damage to the vehicles' interiors, including, among other things, their electrical systems, audio systems, upholstery, carpets, roof headliners, and seats. *See id*. The Complaint asserted claims for fraud, negligent misrepresentation, unjust enrichment, violation of the Washington Consumer Protection Act, breach of express warranty, and breach of the implied warranty of merchantability. *See id*.

On November 10, 2022, PCNA moved to dismiss the Complaint and also filed a motion for a more definite statement. *See* ECF No. 11. PCNA's motion to dismiss sought dismissal of Plaintiff's claims on numerous grounds, including failure to state valid claims for relief, failure to satisfy Rule 8(a) and Rule 9(b) of the Federal Rules of Civil Procedure, and for a lack of entitlement to equitable relief. *See id*. The motions were fully briefed and submitted to the Court on December 17, 2022. *See* ECF Nos. 11, 16, 17. On September 12, 2023, the Court granted PCNA's motion for a more definite statement and denied as premature PCNA's motion to dismiss, and the Court directed Plaintiff to file an Amended Complaint within fourteen days. *See* ECF No. 22. Plaintiff filed an Amended Class Action Complaint on September 23, 2023. *See* ECF No. 23.

The Parties thereafter engaged in lengthy, protracted, and vigorous arms-length negotiations, and were ultimately able to reach agreement on the material terms of a class-wide settlement, which are embodied in the Settlement Agreement. As part of the settlement negotiations, the Parties clarified the scope of the Settlement Class and identity of the Class Vehicles, which

MOTION FOR PRELIMINARY APPROVAL
OF SETTLEMENT AGREEMENT - 2
Case No. 2:22-cv-01233-TL

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

resulted in Plaintiff filing a Second Amended Complaint on March 11, 2024. *See* ECF No. 36. The Parties have kept the Court apprised of their negotiations during this process, providing regular updates about their settlement negotiations in numerous filings. *See* ECF Nos. 26, 28, 30, 37. The Settlement Agreement has now been executed and is respectfully submitted to this Court for preliminary approval.

<b>SETTLEMENT TERMS</b>

Plaintiff, individually and on behalf of the putative class of all persons and entities who purchased or leased a Settlement Class Vehicle in the United States, and PCNA, have entered into a Class Settlement Agreement (the "Settlement" or "Settlement Agreement") to resolve Plaintiff's claims on a class-wide basis. The Settlement provides significant compensation to the Settlement Class, including a warranty extension, reimbursement of certain out-of-pocket expenses for a Covered Repair, and other benefits. A copy of the executed Settlement Agreement is attached as Exhibit A to the accompanying Declaration of Jason T. Dennett in support of Plaintiff's Motion for Preliminary Approval of Settlement Agreement ("Dennett Decl."). The Settlement Agreement is the result of: (1) significant pre-suit investigation of Plaintiff's claims, including legal research, factual investigations, and consumer interviews; (2) approximately eighteen months of litigation, including substantial briefing on PCNA's motion to dismiss; (3) the exchange of important, relevant information during discovery and pursuant to Federal Rule of Evidence 408; and (4) lengthy settlement negotiations that spanned approximately six months. The Settlement also satisfies Federal Rule of Civil Procedure 23's criteria for preliminary approval and the issuance of class notice, including each of the Rule 23(e)(2) factors. Accordingly, Plaintiff respectfully requests that the Court issue an order in the proposed form attached as Exhibit 3 to the Settlement Agreement that:

1.    Preliminarily approves the Settlement;

2.    Preliminarily certifies the Settlement Class;

MOTION FOR PRELIMINARY APPROVAL
OF SETTLEMENT AGREEMENT - 3
Case No. 2:22-cv-01233-TL

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

3.      Preliminarily appoints Plaintiff's counsel as Class Counsel, Plaintiff as Settlement Class Representative, and the Angeion Group as the Claim Administrator;

4.      Approves the form and content of the Class Notices, attached as Exhibits 2 and 4 to the Settlement Agreement;

5.      Approves and directs the dissemination of the Class Notices in accordance with the Parties' Notice Plan as set forth in the Settlement Agreement;

6.      Sets applicable deadlines for (a) objecting to or opting out of the Settlement, (b) filing Class Counsel's application for reasonable attorneys' fees and expenses and the Class Representative's service award, and (c) filing other appropriate submissions, including responses to objections or requests for exclusion; and

7.      Schedules the date and time of the final approval hearing.

The Parties believe that the terms of the Settlement are fair, reasonable, and adequate, and more than satisfy the legal criteria for preliminary approval.

## 1.  The Proposed Settlement Class

Plaintiff's counsel and PCNA's counsel negotiated a proposed Settlement that, if approved, will provide substantial benefits to the Settlement Class. The Settlement Class includes "[a]ll persons and entities who purchased or leased a Settlement Class Vehicle … in the United States."[3] Dennett Decl., Ex. A, § I.V. Excluded from the Settlement Class are: (a) all Judges who have presided over the Action and their spouses; (b) all current employees, officers, directors, agents and representatives of PCNA, and their family members; (c) any affiliate, parent or subsidiary of PCNA and any entity in which PCNA has a controlling interest; (d) anyone acting as a used car

---

[3]      "Settlement Class Vehicles" are defined as "2015-2023 model year Cayenne and Macan vehicles, and 2014-2023 model year Panamera vehicles, equipped with a Sunroof, which were imported by PCNA for sale or lease by authorized Porsche dealers in the United States." Dennett Decl., Ex. A, § I.X.

MOTION FOR PRELIMINARY APPROVAL
OF SETTLEMENT AGREEMENT - 4
Case No. 2:22-cv-01233-TL

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

dealer; (e) anyone who purchased a Settlement Class Vehicle for the purpose of commercial resale; (f) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company that acquired a Settlement Class Vehicle as a result of a total loss; (g) any insurer of a Settlement Class Vehicle; (h) issuers of extended vehicle warranties and service contracts; (i) any Settlement Class Member who, prior to the date of this Agreement, settled with and released PCNA or any Released Parties from any Released Claims; and (j) any Settlement Class Member who files a timely and proper Request for Exclusion from the Settlement Class. *Id.*

### 2. Benefits Available Under the Settlement

The Settlement provides valuable benefits that squarely address the issues raised in this litigation. Among other things, the Settlement provides Settlement Class Members a warranty extension, reimbursement of certain out-of-pocket expenses for the cost of a prior-paid Covered Repair, and expanded service benefits. These benefits, discussed further below, represent a strong outcome for Settlement Class Members.

### i. Warranty Extension Benefits

In the Settlement Agreement, PCNA has agreed to extend its New Car Limited Warranty ("NCLW"), which is applicable to the Settlement Class Vehicles, to cover a percentage of the cost of a Covered Repair by an authorized Porsche dealer during a period of up to six (6) years or eighty thousand (80,000) miles (whichever occurs first) from the vehicle's In-Service Date. *Id.* at § II.A. The Warranty Extension's coverage percentage will be determined by a "sliding scale" of coverage percentages that are based upon the age and mileage of the Class Vehicle at the time of the Covered Repair as detailed in Table I of the Settlement Agreement. *See id.* Further, the warranty, as extended, is fully transferable to subsequent owners to the extent that its time or mileage limitations have not expired. *Id.*

A Covered Repair is defined as "repair or replacement (parts and labor) of (a) the Sunroof of a Class Vehicle to address a condition diagnosed by an authorized Porsche dealer (or, if attested to in an affidavit as provided in II.B.2. [of the Settlement Agreement], a repair or service center that is not an authorized Porsche dealer) of leakage or liquid ingress into the vehicle's interior from

MOTION FOR PRELIMINARY APPROVAL
OF SETTLEMENT AGREEMENT - 5
Case No. 2:22-cv-01233-TL

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

the Sunroof while it was in the fully closed position with the Sunroof glass not broken, cracked or otherwise damaged, and, if applicable, (b) to address a condition diagnosed by an authorized Porsche dealer (or, if attested to in an affidavit as provided in II.B.2. [of the Settlement Agreement], a repair or service center that is not an authorized Porsche dealer) of liquid damage to a Class Vehicle's interior seats, carpets/floor mats, interior ceiling, and/or failure of electrical components, directly caused by a diagnosed condition of leakage or liquid ingress into the vehicle's interior from said vehicle's Sunroof while it was in the fully closed position with the Sunroof glass not broken, cracked or otherwise damaged." *Id*. at § I.J. The Warranty Extension will not apply if the need for the Covered Repair resulted from "abuse, misuse, alteration or modification, a collision or crash, vandalism and/or other impact, failure to properly or fully close the Sunroof, broken, cracked or damaged Sunroof glass or other components, improper maintenance, and/or an outside source or factor including a prior repair performed by a repair or service center that is not an authorized Porsche dealer." *Id*.

### ii. Reimbursement Benefits

The Settlement also provides reimbursement of a percentage of certain out-of-pocket expenses paid for a past Covered Repair that was performed prior to the Notice Date[4]. *See id*. at § II.B. The percentage of reimbursement is determined by the same "sliding scale" of coverage percentages that are set forth in Table I of the Settlement Agreement. Submitting a Claim for Reimbursement is straightforward and requires only timely mailing to the Claim Administrator a completed, signed, and dated Claim Form, together with the required Proof of Repair Expense documentation and any other proof required by Section II.B of the Settlement Agreement. *See id*.[5]

---

[4]     The Settlement Agreement establishes the "Notice Date" as the date ordered by the Court by which the Claim Administrator shall mail Short Form Notices to the Settlement Class, which may be up to 120 days after the Court preliminarily approves the Settlement. *See* Settlement Agreement, § I.R.

[5]     As delineated in the Settlement Agreement, reimbursement is subject to certain limitations and conditions, including, but not limited to, having unsuccessfully sought repair by an authorized Porsche dealer if the out-of-pocket expense was incurred by a Class Member during the vehicle's NCLW, and providing a notarized affidavit attesting to the expiration of their Class Vehicle's

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

The Proof of Repair Expense documentation includes only basic documentation, standard in judicially approved automotive class settlements, demonstrating that the Settlement Class Member paid for a Covered Repair that complies with the Settlement's terms, conditions, and time/mileage durational limits.

The Claim Administrator will review all timely claims submitted by Settlement Class Members. The Parties retain the right to audit and review the claims handling by the Claim Administrator, and the Claim Administrator shall report to both Parties jointly. *See id*. at § III.B. In addition, the Settlement provides that Settlement Class Members whose Claim Forms are incomplete, deficient, and/or lacking required documentation will receive a notice from the Claim Administrator advising them of the deficiency and an opportunity to cure the incompleteness/deficiency(ies) within 30 days after the date of the notice. *See id*. If a reimbursement Claim is denied in whole or in part, the Claim Administrator will notify the Settlement Class Member by letter, and the Settlement Class Member is then afforded fifteen days from the date of that letter to request an "attorney review" of the denial. *See id*. Upon such a request, the Settlement Agreement provides that Class Counsel and PCNA's counsel shall meet and confer and determine whether the denial was proper or if the Claim Administrator's determination should be modified. *See id*. The Claim Administrator will thereafter advise the Settlement Class Member of the attorney review determination, which will be binding and not appealable. *See id*.

### iii.  Extension and Expansion of Service Benefits

In addition to the benefits discussed above, the Settlement Agreement provides yet another benefit for Settlement Class Members in the form of an annual sunroof drain cleaning program. *See id.* at § II.C. Under the program, Settlement Class Members will be able to present a Settlement Class Vehicle to a Porsche-authorized dealer in the United States once per calendar year for a free

---

NCLW or the details of any requests or reimbursement provided by PCNA or third-party entities that defrayed the cost of the repair. *See id*. at § II.B.

MOTION FOR PRELIMINARY APPROVAL
OF SETTLEMENT AGREEMENT - 7
Case No. 2:22-cv-01233-TL

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

sunroof drain cleaning for a period of 9-years or 90,000-miles from the Settlement Class Vehicle's In-Service Date, whichever occurs first. *See id*.

### 3. Notice to Settlement Class Members

The Settlement Agreement also includes a robust plan for providing notice to the Settlement Class (the "Notice Plan"). Under the Notice Plan, the Claim Administrator will send written notice of the Settlement to the current or last known address of all reasonability identifiable Settlement Class Members. *See id*. at § IV.B. The Claim Administrator will obtain the names and current or last known addresses of Settlement Class Members from Polk/IHS Markit, or an equivalent third-party company, based upon the VINs of the Settlement Class Vehicles, which will be provided by PCNA. *See id*. The written notice will be substantially similar to the notice attached as Exhibit 4 to the Settlement Agreement. *See id*.; *see also id*. at Ex. 4. The Notice Plan also provides that the Claim Administrator will re-mail any returned notices if a forwarding address appears on a returned envelope. *Id*. For any remaining undeliverable notice packets, the Claim Administrator will perform an advanced address search and re-mail any undeliverable notice packets if any new and current addresses are located. *Id*.

In addition to direct mail notification, the Claim Administrator will create a dedicated settlement website, which will include information to support Settlement Class Members. The website will include instructions about when and how to submit a Claim for Reimbursement by mail; how to contact the Claim Administrator or Class Counsel; copies of the Class Notices, Claim Form, Settlement Agreement, Preliminary Approval Order, Motion for Final Approval, Class Counsel Fee and Expenses Application, and other pertinent orders and documents to be agreed upon by counsel for the Parties; the deadlines, requirements, and procedures for objecting to the Settlement and requesting to be excluded from the Settlement; as well as the date, time, and location of the final approval hearing and any other relevant information agreed upon by counsel for the Parties. *Id*.

Additionally, the Claim Administrator is required to provide an affidavit to Class Counsel and PCNA's Counsel attesting that it disseminated written notice to the Settlement Class Members

MOTION FOR PRELIMINARY APPROVAL
OF SETTLEMENT AGREEMENT - 8
Case No. 2:22-cv-01233-TL

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1  in a manner consistent with the approved Notice Plan no later than 10 days after the Notice Date.
2  *Id*.

3      PCNA will be responsible for the Claim Administrator's reasonable costs for class notice
4  and settlement claim administration, *see id*. at § III.A., and those costs will not reduce or in any
5  way affect the benefits available to Settlement Class Members under the Settlement. In addition,
6  the Claim Administrator will provide notice of this proposed Settlement to the appropriate state
7  and federal officials consistent with the Class Action Fairness Act, 28 U.S.C. § 1715. *See id.* at §
8  IV.A.

9  ### 4.  Exclusion or Objection

10      Settlement Class Members have the right to request exclusion from the Settlement or object
11  to the Settlement pursuant to the terms and conditions of the Settlement Agreement and pursuant
12  to the deadlines set by the Court. *See id*. at §§ V.A-B.

13  ### 5.  Release of Claims

14      The Settlement Agreement provides that, as of the Effective Date, PCNA and the other
15  "Released Parties"[6] shall be released from all claims relating to existing, potential, or alleged
16  Sunroof leakage that were alleged, could have been alleged, or could be alleged in the future by
17  Plaintiff or any Settlement Class Member. *See id*. at §§ I.T., I.U., VIII.D. Claims for personal
18  injury and property damage (except damage to a Settlement Class Vehicle or its components) are,
19  however, expressly exempt from this provision. The release of claims is fair and appropriate with
20  respect to the claims and issues in this Action. *See id*. at § I.T.

21

22

---

23  [6]    "Released Parties" include PCNA and its "direct and indirect parents, subsidiaries,
24  affiliates, officers, directors, agents, authorized Porsche dealers, attorneys, and all other persons or
   entities acting on their behalf, suppliers, licensors, licensees, distributors, assemblers, partners,
25  component part designers, manufacturers, holding companies, joint venturers, partners, and any
   individuals or entities involved in the chain of design, development, testing, manufacture, sale,
26  assembly, distribution, marketing, advertising, financing, warranty, repair, and maintenance of the
   Class Vehicles and their component parts." Settlement Agreement at § I.U.

MOTION FOR PRELIMINARY APPROVAL
OF SETTLEMENT AGREEMENT - 9
Case No. 2:22-cv-01233-TL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

### 6. Attorneys' Fees and Costs and Class Representative Service Award

The Court shall determine Class Counsels' Attorneys' Fees and Expenses. Under the Settlement Agreement, after the Court preliminarily approves the Settlement, Class Counsel will submit a fee application to the Court. In that fee application, proposed Class Counsel intends to apply for an award of Attorneys' Fees and Expenses on a lodestar multiplier basis not to exceed $350,000 in the aggregate. *See id*. at § VIII.C. In addition, proposed Class Counsel intends to move for a Class Representative Service Award not to exceed $10,000 for Amanda Washburn, the named Plaintiff, in recognition of her service to the class. *See id*. PCNA will not oppose a request for Attorneys' Fees and Expenses or a request for a Class Representative Service Award that is less than or equal to these amounts. *See id*. The Settlement Agreement's enforceability is not contingent upon the Court's approval of the requested Attorneys' Fees and Expenses or the Class Representative Service Award. *Id*. Plaintiff's Counsel and PCNA's Counsel did not discuss the attorneys' fee or service awards until after reaching agreement on the substantive benefits for the class. Dennett Decl. ¶ 17.

### ARGUMENTS AND AUTHORITY

Federal Rule of Civil Procedure 23(e) governs a district court's analysis of a proposed class action settlement and creates a three-step process for approval. First, a court must determine that it is "likely" to: (i) approve the proposed settlement as fair, reasonable, and adequate, after considering the factors outlined in Rule 23(e)(2), and (ii) certify the settlement class after the final approval hearing. *See* Fed. R. Civ. P. 23(e)(1)(B); 2018 Advisory Committee Notes to Rule 23. Second, a court must direct notice to the proposed class to give them an opportunity to object or to opt out. *See* Fed. R. Civ. P. 23(c)(2)(B); Fed. R. Civ. P. 23(e)(1), (5). Third, after a hearing, the court may grant final approval of the proposed settlement on a finding that the settlement is fair, reasonable, and adequate, and certify the settlement class. Fed. R. Civ. P. 23(e)(2).

Whether to preliminarily approve a class settlement concerns the first of these steps and, as noted above, requires that "the parties [] show that the court 'will likely be able to (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the

proposal.'" *Tuttle v. Audiophile Music Direct Inc.*, No. 22-1081, 2023 WL 3318699, at *3 (W.D. Wash. May 9, 2023) (citing Fed. R. Civ. P. 23(e)(1)(B)). Under Rule 23(e)(2), courts are to consider whether "(A) the class representative[] and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate ... and (D) the proposal treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2). In addition, where, as here, the court has not previously certified the class, it must also consider whether the class should be conditionally certified for settlement purposes. *See* Fed. R. Civ. P. 23(e)(1)(B)(ii). The court must therefore also find that "the settlement class is likely to satisfy 'each of the four requirements of Rule 23(a)—numerosity, commonality, typicality, and adequacy—and at least one of the requirements of Rule 23(b).'" *Tuttle*, 2023 WL 3318699, at *3 (quoting *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1124 (9th Cir. 2017)).

Importantly, federal courts strongly favor and encourage settlements as a matter of public policy, particularly in class actions and other complex matters where the inherent costs, delays, and risks of continued litigation might otherwise overwhelm any potential benefit the class could hope to obtain. *See In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556 (9th Cir. 2019) (explaining that there is a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned."); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (same); *see also 4 Newberg and Rubenstein on Class Actions* § 13:1 (6th ed.) (citing cases). Accordingly, a district court should preliminarily approve a proposed settlement which, as in this case, "appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *Tuttle*, 2023 WL 3318699, at *3 (collecting cases).

As explained more fully below, the Settlement Agreement is fair, reasonable and adequate, and in all respects satisfies the standards for granting preliminary approval. In addition, the Parties' Notice Plan satisfies Rule 23, due process, and constitutes the best notice practicable under the

MOTION FOR PRELIMINARY APPROVAL
OF SETTLEMENT AGREEMENT - 11
Case No. 2:22-cv-01233-TL

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

circumstances. Accordingly, the Court should preliminarily approve the Settlement Agreement and direct the Parties and the Claim Administrator to execute its Notice Plan.

**B.  The Settlement Class Satisfies Federal Rule of Civil Procedure 23(a)(1)-(4) and (b)(3).**

The Court will be able to certify the proposed Class for settlement purposes. Certification of a settlement class is "a two-step process." *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, No. 2672, 2016 WL 4010049, at *10 (N.D. Cal. July 26, 2016) (citing *Amchem*, 521 U.S. at 613). First, the Court must find that the proposed settlement class satisfies the requirements of Rule 23(a)—namely, numerosity, commonality, typicality, and adequacy. *Id.* (citing Fed. R. Civ. P. 23(a)). Second, the Court must find that "a class action may be maintained under either Rule 23(b)(1), (2), or (3)." *Id.* (citing *Amchem*, 521 U.S. at 613); *see also In re Hyundai*, 926 F.3d at 557 (en banc) (upholding district court's preliminary approval and certification of nationwide settlement class).

Here, the proposed Settlement Class readily satisfies all Rule 23(a)(1)-(4) and Rule 23(b)(3) certification requirements.[7] As such, Plaintiff seeks the conditional certification of the Settlement Class set forth above and in the Settlement Agreement.

**1.  The Class meets the requirements of Rule 23(a)(1)-(4).**

**i.  Rule 23(a)(1): The Class is sufficiently numerous.**

Rule 23(a)(1)'s numerosity requirement is satisfied when the class is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). A "class of 41 or more is usually sufficiently numerous." 5 Moore's Federal Practice—Civil § 23.22 (2016); *see also Gabriel v. Nationwide Life Ins. Co.*, No. 09-0508, 2010 WL 11684279, at *3 (W.D. Wash. May 17, 2010) (collecting cases and endorsing the proposition that "numerosity is presumed at a level of 40

---

[7]    The manageability concerns of Rule 23(b)(3) are notably not at issue for a settlement class. *See Amchem*, 521 U.S. at 620 ("[A] district court need not inquire whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial."); *Gabriel v. Nationwide Life Ins. Co.*, No. 09-0508, 2010 WL 11684279, at *5 (W.D. Wash. May 17, 2010) (same) (quoting *Amchem*, 521 U.S. at 618).

members") (citations omitted). Here, the Settlement involves approximately 345,000 Settlement Class Vehicles that were distributed for sale or lease throughout the United States and likely a similar number of Settlement Class Members. Joinder of so many individuals is clearly impracticable, and thus the numerosity requirement is satisfied.

### ii.    Rule 23(a)(2): The Class's claims present common questions of law and fact.

"Federal Rule of Civil Procedure 23(a)(2) conditions class certification on demonstrating that members of the proposed class share common 'questions of law or fact.'" *Stockwell v. City & County of San Francisco*, 749 F.3d 1107, 1111 (9th Cir. 2014). Commonality "does not turn on the number of common questions, but on their relevance to the factual and legal issues at the core of the purported class' claims." *Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161, 1165 (9th Cir. 2014). "Even a single question of law or fact common to the members of the class will satisfy the commonality requirement." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 369 (2011).

In this matter, there are common questions of law and fact, including whether the Class Vehicles' Sunroofs contain a uniform defect, whether PCNA knew of and had a duty to disclose this alleged defect to Plaintiff and other Class Members, and whether PCNA failed to do so. These common questions will, in turn, generate common answers "apt to drive the resolution of the litigation" for the entire Class. *See Dukes,* 564 U.S. at 350. Thus, commonality is satisfied.

### iii.    Rule 23(a)(3): The Class Representative's claims are typical of the other Class Members' claims.

Under Rule 23(a)(3), a plaintiff's claims are "typical" if they are "reasonably coextensive with those of absent class members; they need not be substantially identical." *Parsons v. Ryan,* 754 F.3d 657, 685 (9th Cir. 2014) (citation omitted). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs and whether other class members have been injured by the same course of conduct." *Hernandez v. Cnty. of Monterey*, 305 F.R.D. 132, 159 (N.D. Cal. 2015). Typicality "assure[s] that the interest of the named representative aligns with the interests of the class." *Wolin*

MOTION FOR PRELIMINARY APPROVAL
OF SETTLEMENT AGREEMENT - 13
Case No. 2:22-cv-01233-TL

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

*v. Jaguar Land Rover N. Am., LLC,* 617 F.3d 1168, 1175 (9th Cir. 2010) (quoting *Hanon v. Dataprods. Corp.,* 976 F.2d 497, 508 (9th Cir. 1992)). Thus, where a plaintiff suffered a similar injury and other class members were injured by the same course of conduct, typicality is satisfied. *See Parsons,* 754 F.3d at 685; *see also Evon v. Law Offices of Sidney Mickell,* 688 F.3d 1015, 1030 (9th Cir. 2012).

Here, the same alleged course of conduct allegedly injured Plaintiff and the other Class Members in the same way, because each purchased or leased a Class Vehicle with an allegedly defective Sunroof. All of Plaintiff's claims, legal theories, and the basic nucleus of facts are therefore largely identical to those of other members of the Settlement Class. Accordingly, the Rule 23(a)(3) typicality requirement is satisfied.

### iv.   Rule 23(a)(4): The Class Representative and Class Counsel have and will protect the interests of the Class.

Rule 23(a)(4)'s adequacy requirement is met where, as here, "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequacy entails a two-prong inquiry: "(1) do[es] the named plaintiff[] and [her] counsel have any conflicts of interest with other class members and (2) will the named plaintiff[] and [her] counsel prosecute the action vigorously on behalf of the class?" *Evon v. L. Offs. of Sidney Mickell*, 688 F.3d 1015, 1031 (9th Cir. 2012) (quoting *Hanlon*, 150 F.3d at 1020). Both prongs are readily satisfied here.

Plaintiff has no interests antagonistic to the absent Class Members and will continue to protect the Class's interests in overseeing the Settlement's administration and through any appeals. Indeed, Plaintiff's interests are coextensive with those of the Settlement Class, and Plaintiff has actively participated in the investigation of her case and has been in constant communication with her attorneys over the course of the litigation in an effort to fully represent the interests of the entire Settlement Class. *See Trosper v. Styker Corp.*, No. 13-0607, 2014 WL 4145448, at *12 (N.D. Cal. Aug. 21, 2014) ("All that is necessary is a rudimentary understanding of the present action and . . . a demonstrated willingness to assist counsel in the prosecution of the litigation.").

MOTION FOR PRELIMINARY APPROVAL
OF SETTLEMENT AGREEMENT - 14
Case No. 2:22-cv-01233-TL

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Similarly, as demonstrated throughout this litigation, Class Counsel has undertaken a significant amount of work, effort, and expense during this litigation to advance Plaintiff's and the other Settlement Class Members' claims. Further, Class Counsel has a proven track record in the prosecution of complex class actions nationwide. *See* Dennett Decl., Ex. B (Class Counsel's Firm Resumes). And, moreover, Class Counsel's work has demonstrated that they are qualified, experienced, and fully capable of prosecuting this litigation on behalf of the Class, as evidenced by the substantial and meaningful result they obtained for the benefit of Settlement Class Members. They, too, satisfy Rule 23(a)(4).

### 2.  The Class meets the requirements of Rule 23(b)(3).

Rule 23(b)(3)'s requirements are also satisfied because (i) "questions of law or fact common to class members predominate over any questions affecting only individual members" and (ii) a class action is "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

### i.  Common issues of law and fact predominate.

The predominance inquiry "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623. Thus, "[w]hen common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022. Here, for purposes of settlement, the common questions of law and fact discussed above entail common proof and predominate over any individualized issues of the Settlement Class Members. For this reason, Rule 23(b)(3)'s predominance factor is satisfied.

### ii.  Class treatment of Plaintiff's claims is superior.

The superiority inquiry considers "whether the objectives of the particular class action procedure will be achieved in the particular case." *Hanlon*, 150 F.3d at 1023. In other words, it "requires the court to determine whether maintenance of this litigation as a class action is efficient

MOTION FOR PRELIMINARY APPROVAL
OF SETTLEMENT AGREEMENT - 15
Case No. 2:22-cv-01233-TL

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

and whether it is fair." *Wolin*, 617 F.3d at 1175-76. Under Rule 23(b)(3), "the Court evaluates whether a class action is a superior method of adjudicating plaintiff's claims by evaluating four factors: (1) the interest of each class member in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already commenced by or against the class; (3) the desirability of concentrating the litigation of the claims in the particular forum; and (4) the difficulties likely to be encountered in the management of a class action." *Trosper*, 2014 WL 4145448, at *17; *see also* Fed. R. Civ. P. 23(b)(3)(A)-(D). Each factor weighs in favor of finding superiority.

Class treatment here is far superior to the litigation of potentially hundreds of thousands of individual consumer actions. "From either a judicial or litigant viewpoint, there is no advantage in individual members controlling the prosecution of separate actions. There would be less litigation or settlement leverage, significantly reduced resources and no greater prospect for recovery." *Hanlon,* 150 F.3d at 1023; *see also Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1176 (9th Cir. 2010) ("Forcing individual vehicle owners to litigate their cases, particularly where common issues predominate for the proposed class, is an inferior method of adjudication."). The damages that may be sought by each Class Member, while significant to them individually, are relatively small in comparison to the substantial cost of prosecuting each one's individual claims, especially given the technical nature of the claims at issue. *See Just Film, Inc. v. Buono*, 847 F.3d 1108, 1123 (9th Cir. 2017) ("The individual damages of each merchant are too small to make litigation cost effective in a case against funded defenses and with a likely need for expert testimony."); *Smith v. Cardinal Logistics Mgmt. Corp.*, No. 07-2104, 2008 WL 4156364, at *11 (N.D. Cal. Sept. 5, 2008) (finding that an "average amount of damages of $25,000-$30,000 per year of work for each class member . . . are [not] large enough to weigh against [certifying] a class action.").

Moreover, the Settlement would relieve the substantial judicial burdens that would be caused by repeated adjudication of multiple similar lawsuits by individual Settlement Class Members. Indeed, "[i]f Class members were to bring individual lawsuits …, each Member would be required

MOTION FOR PRELIMINARY APPROVAL
OF SETTLEMENT AGREEMENT - 16
Case No. 2:22-cv-01233-TL

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

to prove the same wrongful conduct to establish liability and thus would offer the same evidence." *In re: Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, No. 2672, 2016 WL 4010049, at *12 (N.D. Cal. July 26, 2016). With a Class implicating approximately 345,000 Class Vehicles and a similar number of Settlement Class Members, "there is the potential for just as many lawsuits with the possibility of inconsistent rulings and results." *Id*. "Thus, classwide resolution of their claims is clearly favored over other means of adjudication." *Id*.

Further, certification of the Settlement Class for the purpose of effecting the Settlement is the superior method to facilitate the resolution of the claims of the Settlement Class. Moreover, certification of a class for settlement purposes will allow the Settlement to be administered in an organized, efficient, and even-handed manner. Resolution of the Class Members' claims through this Settlement is therefore clearly superior to any other available method of resolution.

For all of the foregoing reasons, the Settlement Class meets the class certification requirements of Federal Rule of Civil Procedure 23(a)(1)-(4) and 23(b)(3).

## A.    The Rule 23(e) Factors are Satisfied

### 3.    Rule 23(e)(2)(A): Plaintiff and Class Counsel have adequately represented the Class.

Plaintiff and Class Counsel have adequately represented the Settlement Class as required by Rule 23(e)(2)(A) by diligently prosecuting this case on behalf of Plaintiff and the Settlement Class. Plaintiff retained Kim D. Stephens, Jason T. Dennett, and Rebecca L. Solomon from the law firm of Tousley Brain Stephens PLLC to represent her and absent class members. Each of these lawyers are qualified, experienced, and fully capable of prosecuting this litigation on behalf of the Class as evidenced by their extensive experience in litigating product liability class actions across the country. *See* Dennett Decl., ¶¶ 3–4, Ex. B (Class Counsel's Firm Resumes). Plaintiff and Class Counsel have fought hard to protect the interests of the Class, as evidenced by the significant benefits available to Settlement Class Members under the proposed Settlement. As detailed above, Class Counsel undertook significant efforts to prosecute this case, including filing

MOTION FOR PRELIMINARY APPROVAL
OF SETTLEMENT AGREEMENT - 17
Case No. 2:22-cv-01233-TL

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1    multiple pleadings, engaging in motions practice, propounding and reviewing discovery, and

2    engaging in a vigorous, arm's length negotiation with PCNA's Counsel. Plaintiff, as Class

3    Representative, has been actively engaged during this process and is prepared to continue to

4    represent Class Members until the Settlement is approved and its administration completed.

5        **4. Rule 23(e)(2)(B): The Settlement was negotiated at arm's length.**

6        The Settlement is the product of extensive, arm's length negotiations conducted by

7    experienced counsel for both Parties. A "presumption of correctness" attaches where, as here, a

8    "class settlement [was] reached in arm's-length negotiations between experienced capable counsel

9    after meaningful discovery." *See Free Range Content, Inc. v. Google, LLC,* No. 14-02329, 2019

10   WL 1299504, at *6 (N.D. Cal. Mar. 21, 2019); *Harris v. Vector Mktg. Corp.,* No. 08-5198, 2011

11   WL 1627973, at *8 (N.D. Cal. Apr. 29, 2011) ("An initial presumption of fairness is usually

12   involved if the settlement is recommended by class counsel after arm's-length bargaining."). Here,

13   the Parties undertook serious, informed, and arm's-length negotiations over nearly six months—

14   including multiple negotiation sessions via videoconference and telephone. These detailed,

15   technical, and evidence-based discussions culminated in the proposed Settlement now before the

16   Court. *See* Fed. R. Civ. P. 23(e)(2)(B).

17       The record shows that the Parties' negotiations were appropriately informed and non-

18   collusive. Where discovery has been exchanged, "[a] court may assume that the parties have a

19   good understanding of the strengths and weaknesses of their respective cases and hence that the

20   settlement's value is based upon such adequate information." *Newberg* § 13:49; *cf. In re Anthem,*

21   *Inc. Data Breach Litig.*, 327 F.R.D. 299, 320 (N.D. Cal. 2018) (concluding that the factual

22   investigation undertaken by the parties gave them "a good sense of the strength and weaknesses

23   of their respective cases in order to make an informed decision about settlement"); *Wahl v. Yahoo!*

24   *Inc.*, No. 17-02745, 2018 WL 6002323, at *4 (N.D. Cal. Nov. 15, 2018) (granting final approval

25   of class settlement where the parties had exchanged "sufficient information to evaluate the case's

26   strengths and weaknesses"); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods.*

*Liab. Litig.*, No. MDL 2672, 2019 WL 2077847, at *1 (N.D. Cal. May 10, 2019) ("Lead Counsel

MOTION FOR PRELIMINARY APPROVAL
OF SETTLEMENT AGREEMENT - 18
Case No. 2:22-cv-01233-TL

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

vigorously litigated this action during motion practice and discovery, and the record supports the continuation of that effort during settlement negotiations.").

The record here shows that the Settlement is well-informed and reached by adversarial parties. To date, the Parties have propounded interrogatories, requests for admission, and requests for the production of documents upon each other, answers to same, and obtained additional materials and information through their own independent investigatory efforts. Moreover, the Parties engaged in substantial briefing in connection with PCNA's motion to dismiss. This factual and procedural record has provided both Parties with an informed understanding of the strengths and weaknesses of their respective positions in this litigation. The record therefore shows that the Parties' negotiations were appropriately informed and non-collusive.

### 5. Rule 23(e)(2)(C): The Settlement is adequate.

The Settlement provides substantial relief for the Class, especially considering (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed Notice Plan and claims administration program; and (iii) the fair terms of the requested award of attorney's fees and expenses. *See* Fed. R. Civ. P. 23(e)(2)(C).

As discussed above, the Settlement secures significant benefits to compensate Settlement Class Members, including a warranty extension and reimbursement program. In addition, Settlement Class Members are also provided extended and expanded service benefits in the form of a free annual Sunroof cleaning program. This robust relief is more than in line with the compensation approved in similar automotive class action cases in this Circuit and nationwide. *See Gjonbalaj v. Volkswagen Group of America, Inc., et al.*, No. 19-7165, Dkt. 72 (E.D.N.Y. Apr. 18, 2023) (granting motion for preliminary approval with similar class benefits in sunroof-related suit implicating Volkswagen and Audi vehicles); *Banh v. Am. Honda Motor Co., Inc.*, No. 19-05984, 2021 WL 3468113, at *7 (C.D. Cal. June 3, 2021) (granting motion for preliminary approval and finding that a "warranty extension" and various resources "adequately and fairly compensates class members"); *Brightk Consulting Inc. v. BMW of N. Am., LLC*, No. 21-02063,

2023 WL 2347446, at *6 (C.D. Cal. Jan. 3, 2023) (finding that an extended warranty and reimbursement of certain out-of-pocket costs provided adequate compensation to the class).

### i. The Settlement is adequate in light of the costs, risks, and delay of trial and a potential appeal.

Almost all class actions involve high levels of cost, risk, and lengthy-duration, which supports the Ninth Circuit's "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998). Here, had the parties not settled, the litigation would likely have been risky, protracted, and costly.

Plaintiff believes she ultimately would have been able to demonstrate that all Class Vehicles were sold with a common defect that renders them prone to sunroof leaking. But Plaintiff's counsel also recognize, based on their experience in other automotive defect class litigation, success is not guaranteed and acknowledges the substantial risks and delays that would arise in continued litigation. For example, their case could fail on liability, or the Court could reject their expert testimony on damages. PCNA denies all allegations of liability, and it strenuously contends that the subject Sunroofs are not defective.

Because Plaintiff's case remains at the pleadings stage, the parties have not briefed, and the Court has not yet certified, any class treatment of the claims. If she were to proceed to litigate through trial, Plaintiff would face risks in obtaining and maintaining certification of the class, which Defendant would likely oppose in the absence of a settlement. Thus, Plaintiff "necessarily risk losing class action status" at any time following certification. *Grimm v. American Eagle Airlines, Inc.*, No. LA CV 11-00406 JAK(MANx), 2014 WL 12746376, at *10 (C.D. Cal. Sept. 24, 2014); *see Mazzei v. Money Store*, 829 F.3d 260, 265–67 (2d Cir. 2016) (class decertified after trial).

Without the Settlement, Plaintiff faces the uncertainty of successfully litigating this matter through a motion to dismiss, the completion of fact discovery, class certification, expert discovery, summary judgment, trial, and potential appeals, and doing so would be complex, time-consuming,

MOTION FOR PRELIMINARY APPROVAL
OF SETTLEMENT AGREEMENT - 20
Case No. 2:22-cv-01233-TL

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

and expensive. Class Members' certain and timely receipt of benefits under the Settlement is therefore a reasonable outcome when faced with these prospective challenges. *See* Fed. R. Civ. P. 23(e)(2)(C)(i) (directing courts to balance the benefits afforded to settlement class members, including the immediacy and availability of a recovery, against the significant costs, risks, and delay of proceeding with litigation); *Kim v. Space Pencil, Inc.*, No. 11-03796, 2012 WL 5948951, at *5 (N.D. Cal. Nov. 28, 2012) ("[T]he substantial and immediate relief provided to the Class under the Settlement weighs heavily in favor of its approval"); *Nobles v. MBNA Corp.*, No. 06-3723, 2009 WL 1854965, at *2 (N.D. Cal. June 29, 2009) ("The risks and certainty of recovery in continued litigation are factors for the Court to balance in determining whether the Settlement is fair."). The Settlement provides substantial, immediate benefits to Settlement Class Members without the significant risks and delays of continued litigation.

### ii. The proposed method for distributing relief is effective.

The Parties were exacting and intentional in their efforts to ensure that the claims process, overseen by the Claims Administrator, will be straightforward and efficient, and that it reflects best practices developed in other automotive settlements. As a result, and for the reasons discussed in further detail below, the proposed notice and claims administration process is effective under Fed. R. Civ. P. 23(e)(2)(C)(ii).

The proposed Notice Plan and claim administration process provides reasonable notice to Class Members and reasonably informs them of the claims process, as required under Rule 23. Under the Settlement, the Claim Administrator will employ a well-tested protocol for the processing of claims. Namely, the Claim Administrator will obtain from Polk/IHS Markit (or an equivalent third-party company, like Experian) the names and current or last known addresses of Settlement Class Vehicle owners and lessees that can reasonably be obtained, based upon the VINs of Settlement Class Vehicles provided by PCNA. *See* Settlement, at § IV.B. Settlement Class Members will then be directly notified by mail. The Claim Administrator will re-mail any returned notices if a forwarding address is provided. *Id.*, at § IV.B. For any remaining undeliverable notice packets where

no forwarding address is provided, the Claim Administrator will perform an advanced address search and re-mail any undeliverable notice packets if any new and current addresses are located. *Id*.

Claims for Reimbursement under the Settlement will be administered by the Angeion Group, an experienced and respected claims administrator that has reviewed and administered claims for countless class action settlements, including automotive class settlements. The claims process is very fair and reasonable, consisting of a basic and easily understandable Claim Form and basic documentary proof requirements that are easy to satisfy and are standard in automotive class settlements. Settlement Class Members will return the Court-approved Claim Form via mail to the Claim Administrator. Based on the information provided by Settlement Class Members, the Claim Administrator will determine each Settlement Class Member's eligibility to receive a reimbursement of out-of-pocket expenses related to a Covered Repair. Settlement Class Members will be notified of any deficiencies in their submitted Claim Form and be given a reasonable opportunity to cure any deficiency. *Id.*, at § III.B. The Settlement also provides for non-monetary relief in the form of the Warranty Extension and the annual Sunroof cleaning program for Settlement Class Vehicles. *Id.* at § II.A-C.

### iii.   The requested Attorneys' Fees and Expenses are reasonable.

The terms of the proposed Class Counsel Fees and Expenses are sufficiently reasonable to warrant preliminary approval. *See* Fed. R. Civ. P. 23(e)(2)(C)(iii). Only after the Parties reached an agreement on the material terms of the Settlement, did they commence efforts to negotiate the issue of Class Counsel's Fees and Expenses. As a result of arm's-length, good faith negotiations, the Parties agreed that Class Counsel may collectively apply to the Court for a combined award of reasonable attorneys' fees, costs, and expenses in an amount up to, but not exceeding, the total combined sum of $350,000. Any Class Counsel Fees and Expenses that are awarded by the Court and consistent with the Settlement Agreement will be paid by PCNA and such payment will not reduce or in any way affect any benefits available to the Settlement Class under the Settlement Agreement. *See* Settlement at § VIII.C. Upon Court approval of Class Counsel's Fees and Expenses,

1  PCNA will pay the awarded fees in accordance with Section VIII.C.2. of the Settlement Agreement.

2  *See* Settlement, at § VIII.C.2.

3  ### 6. Rule 23(e)(2)(D): Class Members are treated equitably.

4  The Settlement treats all Class Members equitably relative to one another and

5  "compensates class members in a manner generally proportionate to the harm they suffered on

6  account of [the] alleged misconduct." *Altamirano v. Shaw Indus., Inc.*, No. 13-00939, 2015 WL

7  4512372, at *8 (N.D. Cal. July 24, 2015). The Warranty Extension and reimbursement of certain

8  out-of-pocket costs for Covered Repairs are subject to the same reimbursement rates and all

9  Settlement Class Members are entitled to present a Settlement Class Vehicle to a Porsche-

10  authorized dealer for a free annual Sunroof drain cleaning pursuant to the terms and conditions of

11  the Settlement Agreement. Thus, the Settlement treats Class Members equitably relative to one

12  another. *See* Fed. R. Civ. P. 23(e)(2)(D).

13  Likewise, Plaintiff, as the Class Representative, will not receive preferential treatment nor

14  compensation disproportionate to her respective alleged harm and contribution to this case. Under

15  the Settlement Agreement, the Parties agreed that Class Counsel may apply to the Court for Class

16  Representative Service Award for an amount up to $10,000 for Plaintiff, which is well in line with

17  sums routinely approved in other class action cases in this Circuit. *See* Settlement at § VIII.C; *see*

18  *also La Fleur v. Med. Mgmt. Int'l, Inc.*, No. 13-00398, 2014 WL 2967475, at *8 (C.D. Cal. June 25,

19  2014) (approving incentive awards of $15,000 each to two class representatives for a $535,000

20  settlement). Accordingly, this factor—like all the others—weighs in favor of preliminary approval.

21  ### C. The Court Should Approve the Notice Plan.

22  Under Rule 23(e)(1), class members who would be bound by a settlement are entitled to

23  reasonable notice before the settlement is ultimately approved by the Court. Thus, before a

24  proposed settlement may be approved, the Court "must direct notice in a reasonable manner to all

25  class members who would be bound by the proposal." *Id.* "Notice is satisfactory if it 'generally

26  describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to

investigate and come forward and be heard.'" *Churchill Vill., L.L.C., v. Gen. Elec.*, 361 F.3d 566,

575 (9th Cir. 2004). For a Rule 23(b)(3) settlement class, like that proposed here, the Court must "direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The best practicable notice is that which is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Paredes Garcia v. Harborstone Credit Union*, No. 21-05148, 2023 WL 7412842, at *3 (W.D. Wash. Nov. 9, 2023); *Mullane v. Cent. Hanover Bank & Tr. Co.,* 339 U.S. 306, 314 (1950) (same).

The Notice Plan proposed in this Action is the best notice practicable under the circumstances for reaching the Settlement Class. The names and addresses of the Settlement Class Members will be obtained by Polk/IHS Markit, or an equivalent company, based upon the VINs of Settlement Class Vehicles to be provided by PCNA. In addition, prior to mailing written notice, the Claim Administrator will conduct an address search through the United States Postal Service's National Change of Address database to update the address information for Settlement Class Vehicle owners and lessees. *See* Settlement at § IV.B. The Claim Administrator will then administer direct notice to Settlement Class Members by mail and forward any notices that are returned, with a forwarding address. *Id*. If an undeliverable notice packet is returned without a forwarding address, the Claim Administrator will perform an advanced address search and re-mail the notice to the extent a new address is located. *Id*.

Additionally, notice will also be published on a dedicated settlement website that will contain, among other things, copies of important documents including the Settlement Agreement, Claim Forms, Class Notices, Motions for Preliminary and Final Approval, and relevant Court orders, information on the Settlement's terms, important dates, and how to contact the Claims Administrator for more information. *Id*.

Finally, the substance of the proposed Notices—which are attached as Exhibits 2 and 4 to the Settlement Agreement—provide a comprehensive explanation of the Settlement in simple, layman's terms, along with directions for mailing a Claim for Reimbursement. The proposed

Notices also sufficiently inform Settlement Class Members of their rights, including their ability to request exclusion from, or object to, the proposed Settlement, as well as the relevant deadlines, requirements, and procedures for doing so. Accordingly, Plaintiff respectfully requests that the Court approve and order the Parties to execute the Notice Plan.

**D.  A Final Approval Hearing Should be Scheduled.**

Finally, the Court should schedule a final approval hearing to decide whether to grant final approval to the Settlement, address Class Counsel's request for Attorneys' Fees and Expenses (which will be subject to a separate motion and supported with adequate documentation) and a Service Award for the Class Representative, and to determine whether to dismiss the above-captioned litigation with prejudice. Plaintiff respectfully proposes the following schedule for the Court's review and approval, which summarizes the deadlines in the proposed Preliminary Approval Order. If the Court agrees with the proposed schedule, Plaintiff requests that the Court schedule the final approval hearing for a date 90 calendar days after the Notice Date or at the Court's earliest convenience thereafter.

| Action | Date |
|---|---|
| Notice Date | 120 days following entry of the Preliminary Approval Order |
| Motion for Attorneys' Fees, Costs, and Service Awards Due | 21 days prior to the Objection Deadline |
| Exclusion/Opt-Out Deadline | 60 days after the Notice Date |
| Objection Deadline | 60 days after the Notice Date |
| Motion for Final Approval Due | 14 days prior to the Final Approval Hearing |
| Deadline for filing a response to objections. | 7 days prior to the Final Approval Hearing |
| Final Approval Hearing | At the Court's convenience, but no earlier than 90 days after the Notice Date |
| Deadline to Submit Claims | 90 days after the Notice Date |

**I.    CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court enter an Order: (1) preliminarily approving the Settlement; (2) preliminarily certifying the Settlement Class; (3) appointing Plaintiff's Counsel as Class Counsel and Plaintiff as Class Representative; (4)

MOTION FOR PRELIMINARY APPROVAL
OF SETTLEMENT AGREEMENT - 25
Case No. 2:22-cv-01233-TL

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

approving the form and content of the Notices attached as Exhibits 2 and 4 to the Settlement Agreement; (5) finding that the proposed procedures for disseminating the Notices and Claim Form constitute the best notice practicable under the circumstances and comply with due process and Federal Rule of Civil Procedure 23; and (6) setting a date and time for the final approval hearing. A proposed order is being submitted contemporaneously with this Motion.

Dated this 24th day of April, 2024.

TOUSLEY BRAIN STEPHENS PLLC

s/ Jason T. Dennett
Kim D. Stephens, P.S., WSBA No. 11984
Jason T. Dennett, WSBA No. 30686
Rebecca L. Solomon, WSBA No. 51520
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
Tel:    206.682.5600
E-mail: kstephens@tousley.com
             jdennett@tousley.com
             rsolomon@tousely.com

*Attorneys for Plaintiff Amanda Washburn and the Putative Class*

MOTION FOR PRELIMINARY APPROVAL
OF SETTLEMENT AGREEMENT - 26
Case No. 2:22-cv-01233-TL

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

### CERTIFICATE OF CONFERRAL

The undersigned counsel, on behalf of Plaintiff Amanda Washburn ("Plaintiff"), certifies that, prior to filing this Motion for Preliminary Approval of Settlement Agreement (the "Motion"), Plaintiff notified PCNA of its intent to file the Motion. A meet and confer was held on April 24, 2024, and the parties agreed to proceed with the filing of this motion.

Dated this 24th day of April, 2024.

s/ Jason T. Dennett
Jason T. Dennett
TOUSLEY BRAIN STEPHENS PLLC

*Attorney for Plaintiff Amanda Washburn and the Putative Class*

MOTION FOR PRELIMINARY APPROVAL
OF SETTLEMENT AGREEMENT
Case No. 2:22-cv-01233-TL

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for the parties.


*s/ Jason T. Dennett*

Jason T. Dennett

MOTION FOR PRELIMINARY APPROVAL
OF SETTLEMENT AGREEMENT
Case No. 2:22-cv-01233-TL

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992