THE HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMANDA WASHBURN,<br><br>    Plaintiff,<br><br> v.<br><br>PORSCHE CARS NORTH AMERICA, INC.,<br>a Delaware corporation,<br><br>    Defendant. | No. 2:22-cv-01233-TL<br><br>**AMENDED ORDER[1] GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

WHEREAS, pursuant to Fed. R. Civ. P. 23(a), 23(b)(3), and 23(e), the Parties seek entry of an order, *inter alia*, preliminarily approving the Class Settlement of this Action ("Settlement") pursuant to the terms and provisions of the Class Settlement Agreement dated April 24, 2024, with attached exhibits ("Settlement Agreement"); preliminarily certifying the Settlement Class for settlement purposes only; directing Notice to the Settlement Class pursuant to the Parties' proposed Notice Plan; preliminarily appointing the Settlement Class Representative, Settlement Class Counsel and the Claim Administrator; directing the timing and procedures for any objections to, and requests for exclusion from, the Settlement; setting forth other procedures, filings and deadlines; and scheduling the Final Fairness Hearing; and

---

[1] This Amended Order corrects footnote 1 of the Court's prior Order (Dkt. No. 41). This Order reflects Plaintiff's proposed order (Dkt. No. 39-1) with edits to the following: page 2, lines 5–6; page 3, line 21; and page 7, line 3.

ORDER GRANTING PLAINTIFF'S UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT - 1
Case No. 2:22-cv-01233-TL

WHEREAS, the Court has carefully reviewed and considered the Settlement Agreement and its exhibits, Plaintiff's Unopposed Motion for Preliminary Approval, and the applicable law;

NOW, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

2. The Court grants preliminary approval of the Settlement Agreement and finds its terms and conditions are sufficiently fair, reasonable and adequate under, and satisfy in all respects the requirements of, Fed. R. Civ. P. 23 (hereinafter, "Rule 23").

3. Pursuant to Rule 23, the Court preliminarily certifies, for settlement purposes only, the following Settlement Class:

> All persons and entities who purchased or leased a Settlement Class Vehicle, as defined in Section I.X. of the Settlement Agreement, in the United States.
>
> Excluded from the Settlement Class are: (a) all Judges who have presided over the Action and their spouses; (b) all current employees, officers, directors, agents and representatives of Defendant, and their family members; (c) any affiliate, parent or subsidiary of Defendant and any entity in which Defendant has a controlling interest; (d) anyone acting as a used car dealer; (e) anyone who purchased a Settlement Class Vehicle for the purpose of commercial resale; (f) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company that acquired a Settlement Class Vehicle as a result of a total loss; (g) any insurer of a Settlement Class Vehicle; (h) issuers of extended vehicle warranties and service contracts; (i) any Settlement Class Member who, prior to the date of this Agreement, settled with and released Defendant or any Released Parties from any Released Claims; and (j) any Settlement Class Member who files a timely and proper Request for Exclusion from the Settlement Class.

4. The Court preliminarily appoints the law firm of Tousley Brain Stephens PLLC as Class Counsel for the Settlement Class (hereinafter, "Class Counsel" or "Settlement Class Counsel").

5. The Court preliminarily appoints Plaintiff Amanda Washburn as Settlement Class Representative (hereinafter, "Settlement Class Representative").

6. The Court preliminarily appoints the Angeion Group as the Settlement Claim Administrator (hereinafter, "Claim Administrator").

7. The Court preliminarily finds, solely for purposes of the Settlement, that the Rule 23 criteria for certification of the Settlement Class exists in that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class; (d) the Settlement Class Representatives and Settlement Class Counsel have and will continue to fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to all other available methods for the fair and efficient adjudication of the controversy.

8. In addition, the Court preliminarily finds that certification of the Settlement Class is appropriate when balanced against the risks and delays of further litigation. The proceedings that occurred before the Parties entered into the Settlement Agreement were sufficient to afford counsel for both sides the opportunity to adequately assess the facts, claims, and defenses in the Action, the respective positions, strengths, weaknesses, risks and benefits to each Party of further litigation, and as such, to negotiate a Settlement Agreement that is fair, reasonable and adequate and reflects those considerations.

9. The Court also preliminarily finds that the Settlement Agreement has been reached as a result of extensive, arm's-length negotiations of disputed claims by experienced class action counsel, and that the proposed Settlement is not the result of any collusion.

10. The Court approves the form and content of the Short Form Notice and Long Form Notice. The Court further preliminarily finds that the mailing of the Short Form Notice, in the manner set forth in the Settlement Agreement, as well as the establishment of a settlement website, (the "Notice Plan"), satisfies Rule 23, due process, and constitutes the best notice practicable under the circumstances. The Notice Plan is reasonably calculated to apprise the Settlement Class of the

pendency of the Action, the certification of the Settlement Class for settlement purposes only, the terms of the Settlement, its benefits and the Release of Claims, the Settlement Class Members' rights including the right to, and the deadlines and procedures for, requesting exclusion from the Settlement or objecting to the Settlement, the deadline, procedures and requirements for submitting a Claim for Reimbursement pursuant to the Settlement's terms, Class Counsel's request for reasonable attorneys' fees and expenses and Settlement Class Representative service award, the time, place, and right to appear at the Final Fairness Hearing, and other pertinent information about the Settlement and the Settlement Class Members' rights. The Court authorizes the Parties to make non-material modifications to the Short Form Notice, Long Form Notice, and Claim Form if they jointly agree that any such changes are appropriate.

11. Accordingly, the Court approves, and directs the implementation of, the Notice Plan pursuant to the terms of the Settlement Agreement.

12. The Claim Administrator is directed to perform all settlement administration duties set forth in, and pursuant to the terms and time periods of, the Settlement Agreement, including mailing of the CAFA Notice, implementing and maintaining the Settlement website, disseminating the Short Form Notice pursuant to the Notice Plan, and the processing and review of timely submitted and proper Claims for Reimbursement under the Settlement's terms, as well as any other duties required under the Settlement Agreement.

13. The Departments of Motor Vehicles within the United States and its territories are ordered to provide approval to Polk/IHS Markit, Experian, or any other company so retained by the Parties and/or the Claim Administrator, to release the names and addresses of Settlement Class Members in the Action associated with the titles of the Vehicle Identification Numbers at issue in the Action for the purposes of disseminating the Short Form Notice to Settlement Class Members. Polk/IHS Markit, Experian, or any other company so retained by the Parties is ordered to license, pursuant to agreement between it and Defendant and/or the Claim Administrator, the Settlement

Class Members' contact information to the Claim Administrator and/or Defendant solely for the use of disseminating the Short Form Notice in the Action and for no other purpose.

14. Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail, by first-class mail postmarked no later than sixty (60) days after the Notice Date, a written request for exclusion ("Request for Exclusion") to each of the following: (a) the Claim Administrator at the address specified in the Class Notice; (b) Jason T. Dennett, Tousley Brain Stephens PLLC, 1200 Fifth Avenue, Suite 1700, Seattle, WA 98101-3147 on behalf of Class Counsel; and (c) Matthew A. Goldberg, DLA Piper LLP (US), 1650 Market Street, Suite 5000, Philadelphia, PA 19103-7300 on behalf of Defendant. To be effective, the Request for Exclusion must:

   a. Include the Settlement Class Member's full name, address and telephone number, and identify the model, model year and VIN of the Settlement Class Vehicle;
   b. State that the Settlement Class Member is/was a present or former owner or lessee of a Settlement Class Vehicle; and
   c. Specifically and unambiguously state his/her/their/its desire to be excluded from the Settlement Class.

15. Any Settlement Class Member who fails to timely mail to the proper addresses a properly completed Request for Exclusion, containing the information required above, shall remain in the Settlement Class and shall be subject to and bound by all determinations, orders and judgments in the Action concerning the Settlement, and all terms and conditions of the Settlement Agreement including but not limited to the Released Claims against Defendant and the Released Parties.

16. Any Settlement Class Member who has not submitted a Request for Exclusion may object to the fairness of the Settlement Agreement and/or the requested amount of Class Counsel Fees and Expenses and/or Settlement Class Representative service awards if the following requirements are satisfied:

a.  To object, a Settlement Class Member must either: (i) file any such objection and all supporting papers and submissions with the Court either in person at the Clerk's Office of the United States District Court, Western District of Washington located at 700 Stewart Street, Suite 13229, Seattle, WA 98101-9906, or (ii) file such objection and all supporting papers and submissions via the Court's electronic filing system, or (iii) if not filed in person or via the Court's electronic system, then, within the said 60-day deadline, mail the objection and all supporting papers and submissions to the Court at the United States Courthouse for the Western District of Washington, 700 Stewart Street, Suite 13229, Seattle, WA 98101-9906 and also serve by U.S. first-class mail copies of the objection and all supporting papers and submissions upon each of the following: Jason T. Dennett, Tousley Brain Stephens PLLC, 1200 Fifth Avenue, Suite 1700, Seattle, WA 98101-3147, on behalf of Plaintiff, and Matthew A. Goldberg, DLA Piper LLP (US), 1650 Market Street, Suite 5000, Philadelphia, PA 19103-7300, on behalf of Defendant

b.  Any objecting Settlement Class Member must include the following with his/her/their/its objection: (i) the objector's full name, address, and telephone number; (ii) the model, model year and Vehicle Identification Number of the Settlement Class Vehicle, along with proof that the objector has owned or leased the Settlement Class Vehicle (i.e., a true copy of a vehicle title, registration, or license receipt); (iii) a written statement of all grounds for the objection accompanied by any legal support for such objection; (iv) copies of any papers, briefs, or other documents upon which the objection is based and are pertinent to the objection; (v) the name, address and telephone number of any counsel representing the objector; (vi) a statement of whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, and the identity(ies) of any counsel who will appear on behalf of the

Settlement Class Member at the Final Approval Hearing; and (vii) a list of all other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court in the United States in the previous five (5) years, including the full case name, the jurisdiction in which it was filed and the docket number. If the Settlement Class Member or his/her/their/its counsel has objected to any other class action settlement in the United States in the previous five (5) years, this shall affirmatively be stated in the objection.

    c. Subject to the approval of the Court, any timely and properly objecting Settlement Class Member may appear, in person or by counsel, at the Final Fairness Hearing to explain the bases for the objection to final approval of the proposed Settlement and/or to any motion for Class Counsel Fees and Expenses or Class Representative Service Awards. In order to appear at the Final Fairness Hearing, the objecting Settlement Class Member must, no later than the objection deadline, file with the Clerk of the Court, and serve upon all counsel, a Notice of Intention to Appear at the Final Fairness Hearing. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence and identity of any witnesses that the objecting Settlement Class Member (or the objecting Settlement Class Member's counsel) intends to present to the Court in connection with the Final Fairness Hearing. Any Settlement Class Member who does not provide a Notice of Intention to Appear in accordance with the deadline and other specifications set forth in this Order and the Settlement Agreement, or who has not filed an objection that complies in full with the deadline and other requirements set forth in the Settlement Agreement, Short Form Notice, and Long Form Notice, shall be deemed to have waived and relinquished any right to appear, in person or by counsel, at the Final Fairness Hearing and shall be deemed to have waived any objection to the

Settlement and any adjudication or review of the Settlement Agreement, by appeal or otherwise.

17. In the event the Settlement is not granted final approval by the Court, or for any reason the Parties fail to obtain a Final Order and Judgment as contemplated in the Settlement Agreement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

   a. All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding, judicial or otherwise;

   b. All of the Parties' respective pre-Settlement claims, defenses and procedural rights and status will be preserved, and the Parties will be restored to their positions status *quo ante*;

   c. Nothing contained in this Order is, or may be construed as, any admission or concession by or against any Defendant, Released Parties or Plaintiff on any allegation, claim, defense, or point of fact or law in connection with this Action;

   d. Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Short Form Notice, Long Form Notice, court filings, orders and public statements, may be used as evidence in this or any other proceeding, judicial or otherwise; and

   e. The preliminary certification of the Settlement Class pursuant to this Order shall be vacated automatically, and the Action shall proceed as though the Settlement Class had never been preliminarily approved.

18. Pending the Final Fairness Hearing and the Court's decision whether to grant final approval of the Settlement, no Settlement Class Member, either directly, representatively, or in any other capacity (including those Settlement Class Members who filed Requests for Exclusion

from the Settlement which have not yet been reviewed and approved by the Court at the Final Fairness Hearing), shall commence, prosecute, continue to prosecute, or participate in any action or proceeding in any court or tribunal (judicial, administrative or otherwise) against Defendant and/or any of the Released Parties, asserting any of the matters, claims, or causes of action that are to be released in the Settlement Agreement. The Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action.

19. Pending the Final Fairness Hearing and any further determination thereof, this Court shall maintain continuing jurisdiction over these Settlement proceedings.

20. All proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement and this Order, are hereby stayed.

21. Based on the foregoing, the Court sets the following schedule, below, for the Final Fairness Hearing and the actions which must precede it. If any deadline set forth in this Order falls on a weekend or federal holiday, then such deadline shall extend to the next business day. These deadlines may be extended by order of the Court, for good cause shown, without further notice to the Class, and Settlement Class Members should check the Settlement website regularly for updates and further details regarding this Settlement:

| EVENT | DEADLINE PURSUANT TO SETTLEMENT AGREEMENT |
|---|---|
| Notice shall be mailed in accordance with the Notice Plan and this Order | 09/05/2024 |
| Deadline for Filing Class Counsel's Motion for Attorneys' Fees, Costs, and Service Awards | 10/14/2024 |
| Deadline for Mailing any Request for Exclusion from the Settlement | 11/04/2024 |
| Deadline for Filing or Mailing any Objections to the Settlement, Class Counsel's Proposed Fees and Expenses, and/or the proposed Settlement Class Representative service award | 11/04/2024 |

ORDER GRANTING PLAINTIFF'S UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT - 9
Case No. 2:22-cv-01233-TL

| | |
|---|---|
| Deadline for Plaintiff to File a Motion for Final Approval | 01/02/2025 |
| Deadline for Plaintiff and Defendant to file any submissions in response to any Objections | 01/09/2025 |
| Deadline for Settlement Class Members to Submit Claims | 12/04/2024 |
| **Final Approval Hearing at 10:00 a.m.** | **01/16/2025** |

IT IS SO ORDERED this 8th day of May, 2024.

Tana Lin
United States District Judge

ORDER GRANTING PLAINTIFF'S UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT - 10
Case No. 2:22-cv-01233-TL